STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: AP-11-030
RAC -CUM- 4/19/2012

PORT RESOURCES,

       Petitioner,

v.

STATE OF MAINE UNEMPLOYMENT
INSURANCE COMMISSION,

       Respondent.

**ORDER**



Pursuant to M.R. Civ. P. 80C, petitioner Port Resources' appeal of the State of Maine

Unemployment Insurance Commission's (the Commission) decision is before the court.

The limited issue before the court is whether the Commission committed an error of law

by determining that Port Resources is not an "instrumentality of the State."

## BACKGROUND

Port Resources is a non-profit organization that provides "residential and

outreach services for individuals with developmental disabilities." (R. 119, 132.) These

services are provided "through a variety of group settings with a spectrum of level of

support." (R. 120.) In 2005, Port Resources contracted with the Department of Health

and Human Services (DHHS) to handle administrative support for the "providers" in

the DHHS shared living option (SLO) program. (R. 69.) "Providers" offer "a home

environment and support to an individual with a developmental disability." (R. 64.)

Prior to 2005, DHHS was responsible for the administrative aspects of the SLO

program. (R. 70.) Now Port Resources and roughly twenty other entities that provide

administrative support for the program are restrained by the rules and regulations

promulgated by DHHS. (R. 77–81, 105-06.)

1

Port Resources signed a contract with the MaineCare Services division of DHHS regarding this arrangement. The contract contained the following provision:

> Independent Capacity. The parties agree that in the performance of this Agreement, the Provider [Port Resources], including any officers, directors, agents and employees of the Provider, shall act in an independent capacity and not as officers, agents or employees of the State. The Provider further understands and agrees that it is an independent contractor for whom no Federal or State Income Tax will be deducted by the Department, and for whom no retirement benefits, survivor benefit insurance, life insurance, vacation and sick leave, and similar benefits available to State employees will accrue.

(R. 16.)

The circumstances leading to the current litigation began when a shared living provider filed a claim for unemployment benefits, which prompted the Maine Department of Labor Bureau of Unemployment Compensation (the Bureau) to conduct an investigation. (R. 144.) Based on this investigation, the Bureau concluded that Port Resources was an employer of the provider. (R. 145.) Port Resources appealed the determination to the Commission. (R. 142.) Prior to the hearing it requested that the hearing be limited to the issue of "whether Port Resources functions as an 'instrumentality' of the State when it administers the Shared Living Option program under which the claimant provided services." (R. 223.) The Commission agreed to limit the scope and had the hearing on January 27, 2011. (R. 2, 48.)

On July 7, 2011, they issued their decision finding:

> The employing unit's request that it be considered an instrumentality of the State exempt from the definition of employment under 26 M.R.S.A. § 2043(11)(F) is denied. A full hearing on the Bureau's 26 M.R.S.A. § 1043(11)(E) determination shall be scheduled.

(R. 5.)

Port Resources filed a timely appeal with this court.

2

## DISCUSSION

### 1. Standard of Review

This court reviews agency decisions for an abuse of discretion, error of law, or findings unsupported by substantial evidence from the record. *Thacker v. Konover Dev. Corp.*, 2003 ME 30, ¶ 14, 818 A.2d 1013. To determine whether the Commission relied on substantial evidence the court will examine the record to determine whether the Commission could "fairly and reasonably find the facts as it did." *Rangeley Crossroads Coal. v. Land Use Reg. Comm'n*, 2008 ME 115, ¶ 10, 955 A.2d 223. Additionally, the court must give great deference to an agency's interpretation of a statute it is charged with administering. *Id.*

### 2. Instrumentality of the State

Under 26 M.R.S. § 1043(11)(F)(1) an entity is not subject to the provisions of the Unemployment Compensation statute if it meets the following criteria:

> Service performed in the employ of this State, or of any political subdivision thereof, or of any *instrumentality of this State or its political subdivisions*, exception as provided by this subsection.

26 M.R.S. § 1043(11)(F)(1) (2011) (emphasis added). The issue before the court is whether Port Resources is an instrumentality of the State, and thus not subject to the Unemployment Compensation statute. Neither the statute nor the Law Court have defined the term "instrumentality."[1]

When interpreting a statute the court considers the plain meaning of the statute. *City of Bangor v. Penobscot County*, 2005 ME 35, ¶ 9, 868 A.2d 177. Additionally, the court contemplates "the whole statutory scheme for which the section at issue forms a part so that a harmonious result . . . may be achieved." *Id.* (quoting *Town of Eagle Lake v.*

---

[1] The respondent pointed out several situations where the Law Court has discussed entities that were instrumentalities of the State. (Resp. Br. 8–9.) While the similarities between these instrumentalities do bolster the Commission's case these cases do not discuss the definition of instrumentality or why these entities fit that description. (Pet.'s Br. 2.)

3

*Comm'r, Dep't of Educ.*, 2003 ME 37, ¶ 7, 818 A.2d 1034). Black's Law Dictionary defines instrumentality as "1. A thing used to achieve an end or purpose; 2. A means or agency through which a function of another entity is accomplished, such as a branch of a governing body." *Black's Law Dictionary* 870 (9th ed. 2009). Also, the Fifth Circuit considered the definition of "instrumentality" and determined that the entity must have "extensive entanglement" with the State. *Casey v. Livingston Parish Commc'n Dist.*, 2009 U.S. App. LEXIS 4584, *8–9 (Mar. 6, 2009) (quoting *Slowinski v. England Econ. & Indus. Dev. Dist.*, 828 So. 2d 520, 526 (La. 2002)).

The Maine Attorney General's Office issued an opinion defining an entity as an instrumentality of the State. (R. 42–43.) In that opinion the office found the following:

> Project Lodestone [is] an instrumentality of political subdivisions of the State, in that it appears to have been organized by the various school systems of Washington County in order to carry out specified education functions, more specifically, to provide multi-media services to the member schools.

(R. 42.) Port Resources interpreted the decision as, "a corporation that was closely supervised by a political subdivision of the State and performed functions that the political subdivision itself ordinarily would perform was an instrumentality of that political subdivision." (Pet.'s Br. 9.) The Commission distinguished Port Resources' role with the DHHS from Project Lodestar's role with the school systems in several ways. Most significantly, Port Resources' contract with the State indicates that Port Resources is not an agent of the State.

The contractual relationship between DHHS and Port Resources is important because the contract explicitly stated that Port Resources is not an officer, agent, or employee of the State. Based on the plain meaning of the term, an instrumentality of the State is similar to an agent of the State. *See Black's Law Dictionary* 870 (9th ed. 2009) (defining instrumentality as "a means or agency through which a function of another

4

entity is accomplished"). By asserting this independent status in the contract, Port Resources was agreeing to a certain relationship with the State. This relationship does not encompass being an instrumentality.

Since the Commission is charged with administering the Employment Security Act, the court must give its interpretation of the statute great deference. 26 M.R.S. § 1081 (2011); *Rangeley Crossroads Coal.*, 2008 ME 115, ¶ 10, 955 A.2d 223. Based on the definition of instrumentality and Port Resource's relationship with DHHS the Commission's interpretation of 26 M.R.S. § 1043 is not an error of law.

**The entry is:**

The State of Maine Unemployment Insurance Commission's decision is

**AFFIRMED.**

DATE: April 19, 2012

Roland A. Cole
Justice, Superior Court

5

Date Filed __August 5, 2011__ __Cumberland__  Docket No. __AP-11-30__
                                      County

Action ____80C Appeal____

PORT RESOURCES                           STATE OF MAINE UNEMPLOYMENT INSURANCE
                                         COMMISSION

                                    vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| GLENN ISRAEL, ESQ.<br>100 MIDDLE STREET<br>PO BOX 9729<br>PORTLAND, ME 04104-5029 | ELIZABETH WYMAN AAG<br>6 STATE HOUSE STATION<br>AUGUSTA ME 04333 |

Date of
Entry